a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEFFREY MOORE #57023-177, Plaintiff | CIVIL DOCKET NO. 1:23-CV-00783 SEC P |
| VERSUS | JUDGE DRELL |
| USA, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Jeffrey Moore ("Moore"). ECF No. 5. Moore is a prisoner at the Federal Correctional Institution in Pollock, Louisiana. He challenges the legality of his conviction in the United States District Court for the Northern District of Texas.

Because Moore does not meet the requirements to obtain relief under § 2251, his Petition (ECF No. 5) should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

I. Background

Moore was convicted of possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking offense. *United States v. Moore,* 4:18-CR-0074 (N.D. Tex.). His conviction was affirmed. *United States v. Moore*, 773 F. App'x 202, 203 (5th Cir. 2019).

Moore filed a motion to vacate under 28 U.S.C. § 2255 asserting claims of ineffective assistance of counsel and the admission of fabricated evidence. *See Moore v. United States*, 4:20-CV-1097, 2021 WL 1345469, at *1 (N.D. Tex. Apr. 12, 2021). The motion was denied. The United States Court of Appeals for the Fifth Circuit denied a certificate of appealability. *Moore v. United States,* 21-10494, 2022 WL 1501815 (5th Cir. May 3, 2022).

Moore sought authorization to file a second or successive § 2255 motion. *In Re Jeffrey Moore*, No. 22-11013 (5th Cir.). The Fifth Circuit found that Moore did not meet the requirements of § 2255(h). *Id.*

Moore now seeks to challenge his conviction under § 2241.

II. **Law and Analysis**

A § 2241 petition and a motion under § 2255 are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "Section 2255 provides the primary means of collaterally attacking a federal sentence and is the appropriate remedy for errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (internal quotation marks and citations omitted). In contrast, § 2241 is the proper procedural vehicle by which a petitioner may "attack[ ] the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id.* at 452.

"In 'extremely limited circumstances,' federal prisoners may seek postconviction relief through a § 2241 petition instead of a § 2255 motion" pursuant to the "so-called 'savings clause' of § 2255(e)." *Hammoud v. Ma'at*, 49 F.4th 874, 879 (5th Cir. 2022) (en banc) (quoting *Pack*, 218 F.3d at 452). However, the Supreme Court has recently recognized that such recourse is available only "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones v. Hendrix*, 599 U.S. 465 (2023); *Arellano v. Withers*, 2023 WL 4311621, at *1 (5th Cir. 2023). A § 2255 motion is deemed adequate unless the § 2241 petitioner relies on (1) newly discovered evidence or (2) a new rule of constitutional law. *Jones*, 599 U.S. at 469.

Moore does not allege that his petition relies on newly discovered evidence or a new rule of constitutional law. And the Fifth Circuit has already determined that Moore does not meet the requirements of § 2255(h). *In Re Jeffrey Moore*, No. 22-11013 (5th Cir.). As noted by the Supreme Court, the saving clause does not authorize "an end-run" around the limitation on filing second and successive § 2255 motions. *Jones*, 599 U.S. at 477.

Moore argues that the Covid-19 pandemic was an "extraordinary circumstance" that prevented him from successfully pursuing his § 2255 claims, and that the sentencing court wrongfully denied his motions seeking to obtain a copy of his court record and case files. ECF No. 7. Moore had the opportunity to present his arguments regarding Covid-19 and any extraordinary circumstances to both the

3

sentencing court and the appellate court. Those courts rejected his claims, and this Court lacks jurisdiction to review their findings.

Neither a prior unsuccessful § 2255 motion nor the inability to meet the requirements for filing a successive motion to vacate makes the remedy provided by § 2255 inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

### III. Conclusion

Because Moore cannot obtain relief under § 2241, IT IS RECOMMENDED that the Petition (ECF No. 5) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, September 20, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE